**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PAUL BLACK,**

        **Plaintiff,**                    **Case No. 2:10-cv-0003**
                                          **JUDGE GREGORY L. FROST**
        **v.**                                **Magistrate Judge Terence P. Kemp**

**USHER TRANSPORT,**

        **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (Doc. # 10), Plaintiff's Memorandum Contra Defendant's Motion to Dismiss ("Plaintiff's Memorandum in Opposition") (Doc. # 12), and Defendant's Reply Brief in Support of Motion to Dismiss (Doc. # 13). For the reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss.

**I. Background**

The facts in this section are taken from the pleadings and from Plaintiff's affidavit attached in support of Plaintiff's Memorandum in Opposition ("Plaintiff's Affidavit"). Plaintiff Paul Black filed a complaint against Defendant Usher Transport in the Franklin County Court of Common Pleas on November 25, 2009. Plaintiff is a resident of Grove City, Ohio and Defendant is a trucking company headquartered in Louisville, Kentucky. Plaintiff worked for Defendant as a truck driver from July 2004 until April 2007.

In 2009, Plaintiff applied for a position as a truck driver with Landstar Trucking Company. Landstar is headquartered in Jacksonville, Florida. Landstar indicated to Plaintiff that he would be hired once it received a background report from Usher Transport. Defendant then

1

sent a background report ("Driver Employment Verification") from its headquarters in Louisville, Kentucky to Landstar's headquarter's in Jacksonville, Florida. Based on the Driver Employment Verification, Landstar informed Plaintiff it could not hire him. The Driver Employment Verification indicated Plaintiff had tested positive for a controlled substance in the last three years and had been arrested on the job.

Plaintiff filed his Complaint, claiming these statements were libelous and seeking damages as a result of not being able to find comparable employment. Defendant filed a notice of removal pursuant to 28 U.S.C. § 1446 on January 4, 2010. Defendant then filed his Motion to Dismiss on February 1, 2010.

## II. Standard

Defendant Usher Transport moves for dismissal of the claims against it for lack of personal jurisdiction under the Federal Rules of Civil Procedure 12(b)(2). (Doc. # 10.) In considering a motion to dismiss for lack of personal jurisdiction, a district court has discretion to either decide the motion upon the affidavits alone, permit discovery in aid of deciding the motion, or conduct an evidentiary hearing to resolve any apparent factual questions. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tenn. Bank Nat. Ass'n*., 875 F.2d 1212, 1214 (6th Cir. 1989)). No party has requested further discovery nor an evidentiary hearing and this Court finds an evidentiary hearing is not necessary. Instead, Plaintiff has submitted Plaintiff's Affidavit in support of his position. (Doc. # 12-1.)

The burden of establishing personal jurisdiction is on the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir. 1980). Ordinarily the plaintiff must prove jurisdiction by a preponderance of the evidence. *Dean v. Motel 6 Operating, L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). However,

2

when a district court rules on a jurisdictional motion to dismiss without conducting an evidentiary hearing, the plaintiff only needs to make a *prima facie* showing of jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citations omitted). This *prima facie* showing requires the plaintiff to "demonstrate facts supporting a finding of jurisdiction in order to avoid the motion to dismiss." *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980) (quoting *Data Disk, Inc. v. Sys. Tech. Assos.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). In this situation the court must consider the pleadings and affidavits in a light most favorable to the plaintiff; while not taking into consideration the controverting assertions of the party seeking dismissal. *Patterson,* 89 F.3d 1257, 1262 (citation omitted). The United States Court of Appeals for the Sixth Circuit has stated this rule exists to "prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts[.]" *Theunissen*, 935 F.2d at 1459.

### III. Discussion

Defendant Usher Transport, headquartered in Louisville, Kentucky, is a non-resident defendant. (Doc. # 3 ¶ 1.) Usher argues it is not subject to personal jurisdiction by this Court because the cause of action does not arise from Defendant's transaction of business in Ohio and because the alleged libelous statement was published in Florida. (Doc. # 10 at 4-5.) Plaintiff's Memorandum in Opposition concedes the cause of action does not arise from Defendant transacting business in Ohio. However, Plaintiff argues that Defendant is subject to personal jurisdiction because the libel was intentional, Defendant regularly does business in Ohio, and the harm resulting from the libel occurred in Ohio. (Doc. # 12 at 3.)

In this diversity action, the law of Ohio determines whether personal jurisdiction exists.

"A federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident defendant." *Theunissen*, 935 F.2d at 1459 (citing *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980) and *In-Flight Devices Corp. V. Van Dusen Air, Inc*., 466 F.2d 220, 224 (6th Cir. 1972)). The Ohio long arm statute does not extend to the constitutional limits of the due process clause. *Calphalon Corp v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Therefore, determining whether personal jurisdiction over a non-resident defendant is proper is a two step process. *See Kroger Co. v. Malease Foods Corp*., 437 F.3d 506, 510-11 (6th Cir. 2006) (citing as example *Reynolds v. Int'l Amateur Athletic Fed'n.*, 23 F.3d 1110, 1117 (6th Cir. 1994)). First, the defendant must meet one of the criteria in the Ohio long arm statute; second, the exercise of personal jurisdiction must be within the bounds of constitutional due process. *Id.*

## A. Ohio Long Arm Statute

The Ohio long arm statute provides that a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from, *inter alia*, the person:

> 4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> . . .
> 6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that same person would be injured thereby in this state.

Ohio Rev. Code Ann. § 2703.382 (A)(4), (6) (West 2010).

Personal jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant

amendable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of. *Athenian Venture Partners III, L.P. v. Infrastructure Solutions, Inc.*, 2009 U.S. Dist. LEXIS 48840, at *6 (S.D. Ohio May 19, 2009) (citing *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 1996)). However, for jurisdiction to be based on the Ohio long arm statute the cause of action must arise from acts enumerated in the statute. Ohio Rev. Code Ann. § 2703.382(C). This means there is no general jurisdiction over non-resident defendants; the jurisdiction must be specific and based on events giving rise to the cause of action. Because the Ohio long arm statute does not reach the limits of due process, personal jurisdiction under the long arm statute must be specific rather than general. *NCR Corp v. PC Connection, Inc.*, 384 F. Supp.2d. 1152 (S.D. Ohio 2005).

### 1. Tortious Injury

Plaintiff argues Defendant is subject to subsection (A)(4) of the long arm statute because Usher Transport caused a tortious injury in Ohio by an act outside of the state and it does or solicits business in Ohio, engages in persistent conduct in Ohio, and derives substantial revenue from goods or services in Ohio. (Doc. # 12 at 3.) This Court agrees.

It is difficult to determine from the pleadings whether defendant derives substantial revenue from goods and services in Ohio. However, the fact that Plaintiff worked for Defendant for three years and never left the state is sufficient to conclude that Defendant is engaged in a persistent course of conduct in Ohio. Additionally, the facts that Defendant has been registered to do business in the state for 26 years, has three trucking terminals in Ohio, and services all Kroger gas stations in the state all show that Defendant regularly does or solicits business in Ohio.

In addition to Defendant engaging in persistent conduct and regularly doing or soliciting business in Ohio, Defendant allegedly caused tortious injury in Ohio by an act committed outside of the state. Defendant argues it is not covered by this provision because publication of the allegedly libelous material occurred in Florida where it was circulated to the third party, Landstar. (Doc. # 10 at 5.) This argument is based on *Fallang v. Hickey*, 40 Ohio St. 3d 106 (1988), in which the Supreme Court of Ohio held "[t]he tort of libel occurs in the locale where the offending material is circulated (published) by the defendant to a third party." *Id.* at 107 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984)). However, subsection (A)(4) of the long arm statute does not require the tort of libel to occur in Ohio; it permits the exercise of personal jurisdiction when an act outside of the state causes tortious injury within the state. Ohio Rev. Code Ann. § 2703.382(A)(4). While it is true that based on the holding in *Fallang* Defendant's alleged libel occurred in Florida where the libelous material was circulated to Landstar, it is clear the injury resulting from Defendant's alleged tort was felt by Plaintiff in Ohio.

Defendant is therefore subject to personal jurisdiction pursuant to subsection (A)(4) of Ohio's long arm statute because it engages in a persistent course of conduct and regularly does or solicits business in Ohio, and because it caused injury in Ohio as a result of an act committed elsewhere.

### 2. Intentional Tortious Injury

Plaintiff further alleges Defendant is subject to personal jurisdiction under subsection (A)(6) of the Ohio long arm statute because Defendant intentionally caused a tortious injury in Ohio by an act outside of the state, when he might reasonably have expected that same person to

6

be injured. (Doc. # 12 at 3.) This Court agrees.

Plaintiff contends these statements were made with the intention of destroying Plaintiff's ability to seek employment. (Doc. # 3 ¶ 7.) Plaintiff also claims Defendant could have reasonably expected its conduct would injure Plaintiff in Ohio. (Doc. # 12 at 3.) Defendant argues these statements were not made with the intent of causing injury. (Doc. # 4 ¶ 7.) However, in determining whether Plaintiff has made a *prima facie* case of jurisdiction, this Court cannot consider the counterveiling assertions of Defendant. *Patterson,* 89 F.3d 1257, 1262 (citation omitted). Furthermore, the Court agrees that Defendant could have reasonably expected these statements would injure Plaintiff in Ohio because Defendant employed Plaintiff, in Ohio, for several years. (Doc. # 3 ¶ 2.) Accordingly, Plaintiff has met his burden of establishing a *prima facie* showing of facts that demonstrate Defendant intentionally caused tortious injury to Plaintiff in Ohio.

The Court concludes that Defendant Usher Transport is subject to the Ohio long arm statute because Plaintiff has alleged facts sufficient to support a finding that Defendant engages in persistent conduct or regularly does business in Ohio; that Defendant caused tortious injury in Ohio by an act outside the state; and that the injury was caused intentionally. Next the Court will determine whether jurisdiction over Defendant is consistent with due process.

**B. Due Process**

In order to exercise *in personam* jurisdiction over a non-resident defendant, due process requires the defendant to have certain minimal contacts with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945). In *Southern Machine Co. v. Mohasco Industries*, 401

F.2d 374 (1968), the Court of Appeals for the Sixth Circuit adopted a three prong test to

determine when personal jurisdiction over a non-resident is consistent with due process. First,

the defendant must purposefully avail himself of the privilege of acting in the forum state or

causing a consequence in the forum state. *Id.* at 381. Second, the cause of action must arise from

the defendant's activities there. *Id.* Finally, the acts of the defendant or consequences caused by

the defendant must have a substantial enough connection with the forum state to make the

exercise of jurisdiction over the defendant reasonable.[1] *Id.*

### 1. Purposeful Availment

A non-resident defendant has purposefully availed himself to the forum state when the

contacts a defendant has with the state proximately result from actions taken by the defendant

himself. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *McGee v. Int'l Life

Ins. Co.*, 355 U.S. 220, 223 (1957). When a defendant has deliberately engaged in significant

activities in a state, he has availed himself of the privilege of conducting business there, and

because his activities are shielded by "the benefits and protections" of the forum's laws it is

presumptively not unreasonable to require him to litigate in that forum as well. *Id.* at 475-76.

The contacts with the forum state must be such that the defendant should reasonably anticipate

being haled into court there. *Id.* at 474 (citing *Woodson,* 444 U.S. 286, 295 (1980)).

Defendant clearly meets the purposeful availment requirement. The fact that Defendant

---

[1] The *Southern Machine* court held its test to be applicable when a court exercises jurisdiction
based on a single act with the forum state. *See id.* at 381. Plaintiff argues this test applies *only*
when the defendant is connected with the forum state by a single act; thus it is inapplicable to
this defendant who conducts business in Ohio. This test is applicable, however, when a court is
exercising specific jurisdiction over a non-resident defendant. *See id.* Ohio's long arm statute
only permits specific jurisdiction over non-resident defendants, so the test is applicable here.

has been registered to conduct business in the state of Ohio for 26 years shows it has manifestly availed itself of the privilege of conducting business there. Furthermore, because Defendant has received the benefits and protections of Ohio law whenever it has transacted within its borders for 26 years, it cannot be said it is unreasonable to require it to litigate in Ohio as well.

### 2. Relatedness

A cause of action arises out of a defendant's contacts with a forum state when the cause of action is made possible by the defendant's contacts with the forum state. *Air Products & Controls, Inc.*, *v. Safetech Int'l, Inc.*, 503 F.3d 544, 553 (6th Cir. 2007). This is a lenient standard. *Id. Air Products* involved the relationship between Air Products, Inc., from Michigan, and Safetech International, Inc., from Kansas. *Id.* at 548. Air Products obtained a judgment against Safetech. *Id.* After Safetech claimed it could not satisfy the judgment, Air Products learned of Safetech making a $1.5 million sale to a third party. *Id.* Air Products sued in Michigan, claiming this was a fraudulent transfer. *Id.* at 548-49. Though the transfer took place elsewhere, the Sixth Circuit found Air Products' claim arose from Safetech's contacts in Michigan. *Id.* at 553. This is because if Safetech did not transact business in Michigan it would not have been in debt, and if it was not in debt the transfer would not have been fraudulent. *Id.*

Similarly here, if Defendant did not transact business in Ohio it would not have employed Plaintiff, and if it did not employ Plaintiff it would not have been asked to write the performance evaluation. Therefore, the cause of action is "made possible by" Defendant's contacts with Ohio, and Plaintiff's cause of action arises out of Defendant's activities in Ohio.

### 3. Reasonableness

Lastly, jurisdiction can only be exercised over a non-resident defendant if it is reasonable. When the first two prongs of the *Southern Machine* test are met, an inference of reasonableness arises; only the unusual case will not meet this third criterion. *American Greetings Corp. v. Gerald A. Cohn,* 839 F.2d 1164, 1170 (quoting *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.,* 680 F.2d 1123, 1126 (6th Cir. 1982)). An analysis of reasonableness involves weighing the burden to the defendant; the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; and the interstate judicial system's interest in obtaining the most efficient resolution of controversies. *Woodson,* 444 U.S. at 292.

Litigating in Ohio is a burden to Defendant because it is headquartered in Lexington, Kentucky. However, this is the only consideration weighing against personal jurisdiction of Defendant. The state of Ohio has an interest in protecting its citizens from tortious conduct by non-residents. This interest is even greater when the alleged libel interferes with a citizen's ability to find gainful employment as Ohio has an interest in keeping its citizens gainfully employed and not the subject of public assistance. Ohio is obviously the most convenient place for Plaintiff to obtain relief because he lives there. Litigation in Ohio is also the most effective result for the interstate judicial system because it makes more sense to require Defendant, who maintains a presence in Ohio, to litigate in Ohio than it does to require Plaintiff to travel elsewhere. The fact that it is a burden to Defendant to litigate in Ohio does not alter the Court's ultimate conclusion. All of these factors, in addition to the inference of reasonableness that arises when Defendant has purposefully availed himself to the forum and the cause of action arises

10

from Defendant's contacts with the forum state, lead to the conclusion that it is reasonable to exercise personal jurisdiction over Defendant.

The Court concludes that Defendant purposefully availed itself to the privilege of acting in Ohio, Plaintiff's cause of action is related to this purposeful availment, and it is reasonable to exercise personal jurisdiction over Defendant. Therefore, exercising jurisdiction over Defendant Usher Transport is consistent with due process.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. (Doc. # 10.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

11